UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMSCHEL ROTHSCHILD EL, | CASE NO. 2:25-cv-01774-JHC |
| Plaintiff, | ORDER |
| v. | |
| KANYE WEST (YE), ET AL, | |
| Defendants. | |

    This matter comes before the Court on pro se Plaintiff Amschel Rothschild El's "Amended Motion for Appointment of Court-Authorized Experts under FRE 706, FRCP 15(a)(2), and Cost Assessment Under Rule 54(d)." Dkt. # 13.

    Plaintiff's Motion "seeks appointment of independent experts to assist the Court and the trier of fact in analyzing complex issues of authorship, composition, voice identification, and digital provenance relevant to the Plaintiff's claims of misappropriation and exploitation of his musical works." *Id*. at 1. Plaintiff asks the Court to appoint three experts—a "Digital Forensic Examiner," a "Forensic Voice Identification Expert," and a "Musicologist/Music Expert"— under Federal Rules of Evidence Rule 706(a). *Id*. at 2. Plaintiff also "requests that all expert

ORDER - 1

fees and costs be treated as recoverable litigation expenses, to be assessed against Defendants if Plaintiff prevails on the merits." *Id*. at 2-3.

Federal Rules of Evidence Rule 706 allows a district court to appoint an expert witness to assist the trier of fact in its resolution of the case. *See* Fed. R. Evid. 706. Rule 706 does not allow a plaintiff to seek appointment of an expert witness for their own benefit. *See McCoy v. Stronach*, 494 F. Supp. 3d 736, 740 (E.D. Cal. 2020). Rather, Rule 706 permits a court to appoint an expert witness only where the expert witness is "neutral" and the court finds that an expert would "assist" it to resolve certain complex issues. *Id*.; *see also Students of Cal. Sch. for the Blind v. Honig*, 736 F.2d 538, 549 (9th Cir. 1984), *cert. granted, judgment vacated on other grounds*, 471 U.S. 148 (1985) ("Rule 706 allows the court to appoint a neutral expert[.]").

Here, Plaintiff seeks three court-appointed expert witnesses for his own benefit. Although Plaintiff's Motion asks for "neutral experts," *see* Dkt. # 13 at 2, it also states that the experts' purpose is to "confirm that the Plaintiff's unique vocal characteristics are present within songs and sound recordings commercially released by various Defendants" and "verify that the works [at issue] originated from the Plaintiff's FL Studio environment and devices." *Id*. As "Rule 706 does not contemplate court appointment and compensation of an expert witness as an advocate for Plaintiff," *see McCoy*, 494 F. Supp. 3d at 740, the Court must deny Plaintiff's request to appoint three expert witnesses. As the Court is denying Plaintiff's request for court-appointed expert witnesses, it need not consider the related issue of cost assessment and allocation of fees and expenses for these witnesses. *See* Dkt. # 13 at 2-3.

For these reasons, the Court DENIES Plaintiff's Motion (Dkt. # 13).

//

//

//

ORDER - 2

Dated this 30th day of October, 2025.

*John H. Chun*
John H. Chun
United States District Judge