|   |
|---|
| 1 |
| 2 |
| 3 |
| 4 |
| 5 |
| 6 |
| 7 |
| 8 |
| 9 |
| 10 |
| 11 |
| 12 |
| 13 |
| 14 |
| 15 |
| 16 |
| 17 |
| 18 |
| 19 |
| 20 |
| 21 |
| 22 |
| 23 |
| 24 |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| AMSCHEL ROTHSCHILD EL, | CASE NO. 2:25-cv-01774-JHC |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| KANYE WEST (YE), ET AL, | |
| Defendants. | |

    This matter comes before the Court sua sponte on pro se Plaintiff Amschel Rothschild El's Complaint (Dkt. # 5), as modified by the "Bill in Equity to Join Additional Respondents" (Dkt. # 16).

    Plaintiff's Complaint asserts claims of: (1) copyright infringement; (2) misappropriation of likeness and right of publicity; (3) unjust enrichment and constructive trust; (4) fraudulent conveyance; and (5) civil conspiracy and joint venture liability. Dkt. # 5 at 6. The Complaint, as supplemented by the Bill of Equity, names more than 40 defendants. *See* Dkt. ## 5, 16. Defendants consist of various "music artists, producers, record labels, publishing companies, corporate affiliates, and business partners." Dkt. # 5 at 4.

ORDER - 1

A complaint filed by any party that seeks to proceed in forma pauperis (IFP) under 28 U.S.C. § 1915(a) is subject to screening. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc). If a court determines that a complaint filed under 28 U.S.C. § 1915(a) is frivolous, malicious, fails to state a claim, or seeks damages from defendants that are immune from such relief, the court must dismiss the case sua sponte. *Id.*; *see also* 28 U.S.C. § 1915(e)(2)(B). To adequately state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff need not provide detailed factual allegations, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Still, when the plaintiff is pro se, a court must "construe the pleadings liberally and afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir.1985) (en banc)).

Even under a liberal construction of the Complaint, Plaintiff fails to state a claim for relief. The Complaint does not include any specific facts that show that Plaintiff is entitled to the relief he seeks. Instead, it includes only vague assertions and conclusory statements. For example, Plaintiff claims he is "the originator of certain musical compositions, lyrics, lyrical performances, image, likeness, trade names, and brand identity" but the Complaint does not specify what these "certain" works are. *See* Dkt. # 5 at 5. Similarly, the Complaint alleges that Defendants have "unlawfully misappropriated, copied, distributed, performed, and monetized Plaintiff's works without [Plaintiff's] knowledge or consent" but the Complaint does not specify which works, let alone when or how Defendants engaged in these alleged acts. *Id*. The Complaint also does not explain how each of the named Defendants (except for Defendant Kim Kardashian) is involved in the alleged misappropriation or otherwise relates to this action. *See*

*generally id.* Given these deficiencies, Plaintiff has not stated a claim for copyright infringement, misappropriation of likeness and right of publicity, unjust enrichment and constructive trust, fraudulent conveyance, or civil conspiracy and joint venture liability. Accordingly, the Court must dismiss Plaintiff's claims.

For these reasons, the Court DISMISSES Plaintiff's Complaint (Dkt. ## 5, 16) without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii). The Court GRANTS Plaintiff leave to amend, if he wishes, within 14 days of the filing of this Order. If Plaintiff files a timely amended complaint and it does not meet the pleading standards, the Court will dismiss the matter with prejudice.

Dated this 30th day of October, 2025.

John H. Chun
United States District Judge

ORDER - 3