1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AMSCHEL ROTHSCHILD EL,

Plaintiff,

v.

KANYE WEST (YE) ET AL,

Defendants.

CASE NO.  2:25-cv-01774-JHC

ORDER

        This matter comes before the Court sua sponte on pro se Plaintiff Amschel Rothschild

El's "Amended Verified Bill in Equity and Declaration of Exclusive Equity Jurisdiction"

(Amended Complaint) (Dkt. # 20), "Motion to Accept Amended Verified Bill in Equity and

Correct Nature of Suit" (Motion to Accept) (Dkt. # 21), and "Third Amended Verified Bill in

Equity" (Third Amended Complaint) (Dkt. # 22).  For the reasons below, the Court GRANTS

Plaintiff leave to file a Third Amended Complaint and DISMISSES Plaintiff's Third Amended

Complaint with prejudice.

        On September 19, 2025, Plaintiff filed suit against more than 40 "music artists,

producers, record labels, publishing companies, corporate affiliates, and business partners."  Dkt.

# 5 at 4.  The Complaint asserted claims of: (1) copyright infringement; (2) misappropriation of

ORDER - 1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

likeness and right of publicity; (3) unjust enrichment and constructive trust; (4) fraudulent

conveyance; and (5) civil conspiracy and joint venture liability.  *Id*. at 6.  On October 30, 2025,

the Court, sua sponte, dismissed Plaintiff's Complaint without prejudice under 28 U.S.C. §

1915(e)(2)(B)(ii) and granted Plaintiff leave to amend within 14 days.  Dkt. # 18 at 3.

On November 7, 2025, Plaintiff filed both the Amended Complaint and the Motion to

Accept.  Dkt. ## 20; 21.  Soon thereafter, the Court struck the Motion to Accept as procedurally

improper, but did not otherwise respond to Plaintiff's filings.  *See generally* Dkt.  On November

26, 2025, and without permission from the Court, Plaintiff filed a Third Amended Complaint.

Dkt. # 22.  The Third Amended Complaint "invokes [the Court's] Exclusive Equity

Jurisdiction."  *Id*. at 3.  It also states that "Plaintiff does not invoke statutory copyright claims"

but instead, "constructive trust, equitable restitution, subrogation, equitable accounting,

disgorgement, specific performance, identity restoration, injunction, equitable title, involuntary

transfer of rights, and all other equitable remedies appropriate."  *Id*.  It names about 29

defendants—including Kanye West, Travis Scott, and Drake—and is 68-pages long.  *See id.*

Although the Court did not grant Plaintiff leave to file an amended pleading, the Third

Amended Complaint has already been filed.  Thus, before reaching the substance of Plaintiff's

pleadings, the Court must first grant Plaintiff leave to file a Third Amended Complaint.  *See* Fed.

R. Civ. P. 15(a)(2).  As the Court GRANTS such leave, Plaintiff's Third Amended Complaint

(Dkt. # 22) is now the operative complaint in the action.

The Court's review of Plaintiff's Third Amended Complaint is governed by 28 U.S.C. §

1915.  As stated in this Court's prior order:

> A complaint filed by any party that seeks to proceed in forma pauperis (IFP) under
> 28 U.S.C. § 1915(a) is subject to screening.  *See Lopez v. Smith*, 203 F.3d 1122,
> 1126–27 (9th Cir. 2000) (en banc).  If a court determines that a complaint filed
> under 28 U.S.C. § 1915(a) is frivolous, malicious, fails to state a claim, or seeks
> damages from defendants that are immune from such relief, the court must dismiss

the case sua sponte. *Id.*; *see also* 28 U.S.C. § 1915(e)(2)(B).  To adequately state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A plaintiff need not provide detailed factual allegations, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Still, when the plaintiff is pro se, a court must "construe the pleadings liberally and afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir.1985) (en banc)).

Dkt. # 18 at 2.

Applying these standards, the Court concludes that dismissal is proper.  The Court finds that Plaintiff has failed to state a claim for many of the "claims" asserted in the Third Amended Complaint, as many of his "claims" are preempted by federal copyright law or are actually equitable remedies, not claims.  The pleading is also rife with conclusory statements.  The Court also finds that, on its face, the Third Amended Complaint is frivolous within the meaning of 28 U.S.C. § 1915.  Accordingly, the Court DISMISSES the Third Amended Complaint with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).  And the Court STRIKES as moot the motion at Dkt. # 24.

Dated this 2nd day of December, 2025.

John H. Chun
United States District Judge

ORDER - 3