UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

AMSCHEL ROTHSCHILD EL,

Plaintiff,

v.

KANYE WEST, ET AL.,

Defendants.

CASE NO. 2:25-cv-01774-JHC

ORDER

This matter comes before the Court on Plaintiff's Motion for Leave to File an Amended Complaint and Request for Indicative Ruling (Dkt. 38) and Motion to Vacate Defaults (Dkt. 39). The Court dismissed Plaintiff's third amended complaint with prejudice and entered a judgment on December 3, 2025. Dkts. 25, 26. Plaintiff appealed the Court's decision to the Ninth Circuit, but he did not file his opening brief by the due date, so the appeal was dismissed. *See* Dkts. 27, 30. Plaintiff then filed a motions for relief from judgment, which the Court also denied. Dkts. 32, 33, 35. Plaintiff appealed the Court's order to the Ninth Circuit. Dkt. 36.

Plaintiff requests that the Court grant him leave to file an amended complaint "upon remand from the Ninth Circuit." Dkt. 38 at 1. "[T]he filing of a notice of appeal generally

divests the district court of jurisdiction over the matters appealed." *Pro Sales, Inc. v. Texaco, U.S.A., Div. of Texaco, Inc.*, 792 F.2d 1394, 1396 n.1 (9th Cir. 1986). But under Federal Rule of Civil Procedure 62.1(a), if a party timely moves for relief that the Court lacks authority to grant because of a pending appeal, the Court may (1) defer considering the motion, (2) deny the motion, or (3) "state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue."

The Court denies Plaintiff's motion for leave to file an amended complaint because final judgment has been entered in this case. Dkt. 26; *see Lee v. AFT-Yakima*, 2011 WL 4703106, at *3 (E.D. Wash. Oct. 4, 2011). "After final judgment has been entered, a Rule 15(a) motion may be considered only if the judgment is first reopened under Rule 59 or 60." *Proskauer Rose, LLP v. Blix St. Records, Inc.*, 384 Fed. App'x 622, 625 (9th Cir. 2010) (citation modified). Because Plaintiff's motions for relief from judgment under Rule 60 have been denied, the Court denies Plaintiff's motion for leave to file an amended complaint.

The Court also denies Plaintiff's motion to vacate defaults, which is a frivolous request. Plaintiff contends that "procedural defaults" in this case should be vacated because they are the result of his housing instability and incorrect mailings. Dkt. 39 at 1. But Plaintiff does not identify these defaults and the Court finds no entries of default on the record.

For the above reasons, the Court DENIES Plaintiff's motions at Dkt. 38 and Dkt. 39.

Finally, the Court reminds Plaintiff that this case is closed and WARNS that if he files any more frivolous motions, the Court may direct the Clerk to strike any further motions unless they relate to an appeal.

//

//

DATED this 25th day of November, 2026.

John H. Chun
United States District Judge